IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ethel Davis, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 9109 |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ethel Davis, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Ethel Davis ("Davis"), is a citizen of the State of Ohio, from whom Defendants attempted to collect a delinquent consumer account that she allegedly owed for a Credit One Bank credit card. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt, and was represented

by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. MCM operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Midland operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister corporation, Defendant MCM.

7. Defendant MCM and Midland are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, <u>see</u>,

records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, MCM and Midland each conduct extensive and substantial business in Illinois.

8. Defendant MCM and Midland are both licensed as debt collection agencies in the State of Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, Defendants Midland and MCM act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Davis is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for an Credit One Bank credit card account. At some point in time after that debt became delinquent, another bad debt buyer/debt collector, MSW Capital, LLC ("MSW"), allegedly bought/obtained Ms. Davis' Credit One Bank debt. When MSW began trying to collect the Credit One debt from Ms. Davis, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Specifically, MSW had an Illinois-based debt collector, Praxis Financial Solutions, demand payment of the Credit One debt from Ms. Davis, which did so by sending her a collection letter, in care of her attorneys, dated December 30, 2010. A copy of this collection letter is attached as Exhibit <u>C</u>.

11. On January 13, 2011, one of Ms. Davis' attorneys at LASPD informed MSW, through its collection agent, that Ms. Davis was represented by counsel, and directed MSW to cease contacting her, and to cease all further collection activities because Ms. Davis was forced, by her financial circumstances, to refuse to pay her

3

unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. The affect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop. Nonetheless, at some point in time thereafter, Defendant Midland then bought/obtained Ms. Davis' alleged Credit One Bank debt, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Davis, and through its sister company, MCM, began calling Ms. Davis to collect the alleged Credit One Bank debt. Accordingly, on September 11, 2013, Ms. Davis' LASPD attorneys sent Defendants a letter directing them to cease communications and cease collections. A copy of this letter is attached as Exhibit E.

13. Nonetheless, Defendant MCM continued to call Ms. Davis directly, attempting to collect the delinquent Credit One Bank debt.

14. Accordingly, on October 7, 2013, one of Ms. Davis's attorneys at LASPD had to inform MCM yet again, in writing, that Ms. Davis was represented by counsel, and direct MCM to cease contacting her, and to cease all further collection activities because Ms. Davis was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Defendants knew, or should have known, that there were problems with the debt at issue due to the age of the portfolio of the debts that included the Plaintiff's alleged debt. In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon in the manner at issue in this matter.

16. Defendants' collection actions complained of herein occurred within one

year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Plaintiff's agent/attorney, LASPD, told Defendants' directly, as well as through their predecessor-in-interest, to cease communications and cease collections (Exhibits D and E). By calling Ms. Davis regarding this debt, Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

24. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt, because her attorneys at LASPD had given notice in writing to them directly, as well as to their predecessor-in-interest, (Exhibits D and E), that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff.  By directly calling Ms. Davis, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ethel Davis, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Davis, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ethel Davis, demands trial by jury.

Ethel Davis,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

6

Dated: December 20, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com